# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1432V**
**Filed: October 19, 2026**

| | |
|---|---|
| LARRY PIERCE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.*
*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On October 3, 2022, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) He alleges that he suffered right-side sudden sensorineural hearing loss ("SSNHL") caused-in-fact by an influenza ("flu") vaccination that he received on October 3, 2019. (ECF Nos. 1, 38.)

### I. Procedural History

Between November of 2022 and February of 2025, petitioner filed medical records and an affidavit marked as Exhibits 1-10. (ECF Nos. 6, 26.) In September of 2025, respondent filed a Rule 4(c) Report, recommending against compensation. (ECF No. 36.) Respondent argued, in part, that petitioner's treating physicians explicitly

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq*.

rejected any connection between petitioner's vaccination and his SSNHL, and also questioned whether there was an appropriate temporal relationship between petitioner's vaccination and his injury. (*Id.* at 8-9.)

Thereafter, the undersigned issued a Rule 5 Order providing preliminary guidance to the parties. (ECF No. 37.) The undersigned identified three key shortcomings of petitioner's claim: (1) the timing of petitioner's symptom onset likely does not support a causal inference; (2) petitioner's own treating providers did not favor vaccine-causation; and (3) one of petitioner's treating providers opined that petitioner's condition was likely viral. (*Id.* at 3-4.) Although the undersigned advised that a voluntary dismissal could be reasonable and appropriate given these shortcomings, petitioner was provided with the opportunity to further develop the record and secure an expert opinion supporting his claim.[3] (*Id.* at 4-5.)

Petitioner filed an expert report by Omid Akbari, Ph.D. (ECF No. 50), who invoked a causal theory based on inflammasomes and subsequent molecular mimicry to explain how the flu vaccine can cause SSNHL and tinnitus (Ex. 14). Respondent then filed a responsive report by Soman Abraham, Ph.D. (ECF No. 52; Ex. A.) Thereafter, petitioner filed a joint status report indicating his intent to voluntarily dismiss his claim. (ECF No. 54.)

Ultimately, on October 16, 2026, petitioner filed a motion for a decision dismissing his petition. (ECF No. 55.) In his motion, petitioner indicates that he "understands that a decision by the Special Master dismissing [his] petition will result in a judgment against [him]" and that he "has been advised that such a judgment will end all of [his] rights in the Vaccine Program." (*Id.* at 1.)

## II. Discussion

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy his burden of proving causation-in-fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and

[3] In the Rule 5 Order, the undersigned also directed petitioner to file an amended petition correcting the date of the administration of the flu vaccine at issue. (ECF No. 37, pp. 1, 4.) Petitioner filed the amended petition on October 3, 2025. (ECF No. 38.) Petitioner was also afforded the opportunity to serve an interrogatory on one of petitioner's treating providers for the purpose of clarifying an ambiguous notation regarding vaccine-causation. (ECF No. 37, pp. 3-4.) Petitioner filed the treating provider's interrogatory responses, which clarified that the treating provider did not view the flu vaccine as a cause of idiopathic unilateral SSNHL. (ECF No. 47; Ex. 13.)

injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

No "Table Injury" was alleged in this case, nor was there sufficient evidence in the record to support such an allegation. Additionally, the record does not contain preponderant evidence that the alleged injuries were caused-in-fact by the flu vaccination at issue.

Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)." Accordingly, the undersigned **GRANTS** petitioner's Motion for a Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## III. Conclusion

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.